**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOCELYN ESQUILIN,

    Plaintiff,

v.                                                                 Case No.: 8:25-cv-1057-KKM-LSG

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

The plaintiff Jocelyn Esquilin moves unopposed for an attorney's fee of

$11,000.00 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C.

§ 2412(d). Doc. 23. For the reasons explained below, I recommend granting the

motion.

### I.    BACKGROUND

Esquilin filed a complaint and opening brief seeking judicial review of the

Commissioner's decision to deny her claim for Social Disability Insurance benefits.

Docs. 1, 17. Before filing a response, the Commissioner moved unopposed to

remand this action for further proceedings under sentence four of 42 U.S.C. § 405(g).

Doc. 18. An August 28, 2025, order grants that motion and, on September 2, 2025,

the Clerk entered a judgment in favor of Esquilin and against the Commissioner.

Doc. 20.

The plaintiff in a Social Security case has ninety days after a final judgment to move for fees and costs under EAJA. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); FED. R. APP. P. 4(a)(1)(B). Esquilin moved for fees on November 19, 2025, which is seventy-eight days after the final judgment. Docs. 20, 23. Accordingly, Esquilin's motion is timely and ripe for consideration.

## II.    DISCUSSION

The EAJA permits an award of "fees and other expenses" incurred by the prevailing party in certain civil actions against the United States unless the position of the United States was substantially justified or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A "party" means "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Esquilin qualifies as a "party" based on her net worth at the time of filing. *See* Doc. 2. Esquilin prevailed because she obtained a favorable judgment. *See* 28 U.S.C. § 2412(d)(2)(H); *Watkins v. Astrue*, No. 3:07-cv-1079-J16-MCR, 2009 WL 1405006, at *1 (M.D. Fla. May 19, 2009). Thus, Esquilin qualifies for an attorney's fee and costs under the EAJA. *See* 28 U.S.C. § 2414(d)(1)(A).

Determining the amount of a reasonable EAJA fee requires applying the "lodestar" method. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). Under EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)); *Martin v. Comm'r of Soc. Sec.*, No. 6:17-cv-1974-Orl-KRS,

2

2018 WL 8578026, at *1 (M.D. Fla. Dec. 6, 2018). To determine the appropriate rate, the EAJA requires evaluating both (1) "the market rate for similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation" and (2) "whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." *Meyer v. Sullivan*, 958 F. 2d 1029, 1034 (11th Cir. 1992) (quotation omitted); *Bey v. Comm'r of Soc. Sec.*, No. 3:18-CV-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019).

The market rate in the Middle District of Florida for similar services provided by a lawyer of "comparable skill[], experience, and reputation" in a Social Security case exceeds the statutory rate of $125.00. *See, e.g.*, *Simmons v. Comm'r of Soc. Sec.*, No. 6:24-CV-256-EJK, 2024 WL 4504354, at *3 (M.D. Fla. Oct. 16, 2024); *Bakko v. Comm'r of Soc. Sec.*, No. 6:22-CV-264-EJK, 2024 WL 4529243, at *2 (M.D. Fla. Oct. 18, 2024); *see Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. 2007) ("'[A] court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'") (quoting *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). If the market rate exceeds the statutory rate, a cost-of-living adjustment based on the United States Department of Labor's Consumer Price Index for All Urban Consumers ("CPI–U") is warranted. *Bakko*, 2024 WL 4529243, at *2; *Simmons*, 2024 WL 4504354, at *3.

Esquilin requests an attorney's fee of $11,000.00, which includes 44.2 hours

3

spent by counsel at a rate of $248.87 an hour. Docs. 23, 23-2. In support of the request, Esquilin submits a legal memorandum, an itemized ledger containing a description of the time spent by counsel, and the affidavits of Sarah Elizabeth Atkins, George Piemonte, and Alyssa K. Jackson. Docs. 23, 23-2, 23-4, 23-5, 23-6. Based on a cost-of-living adjustment using the CPI–U, the average adjusted hourly rate that Esquilin's counsel may request is $257.00 for worked performed in 2025.[1] Doc. 23-2 at 3. Because the rate requested by Esquilin is less than the CPI-U adjusted hourly rate for 2025, the rate appears reasonable.

To demonstrate the reasonableness of the hours requested, counsel must endeavor to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). This means using "billing judgment" to remove from the fee application hours that the party would not charge a paying client. *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301, 1306 (11th Cir. 1988). "'The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees[.]'" *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Thus, whether to exclude from an award of fees

---

[1] The figure for 2025 is calculated by taking the "HALF1" CPI-U rate for 2025 and subtracting from it the March 1996 CPI rate (320.229 - 155.7 = 164.53) and then dividing that number by the March 1996 rate (164.53 ÷ 1.557 = 1.056). These calculations result in the cost-of-living percentage increase from March 1996 through November 2025. The cost-of-living percentage increase is then applied to the $125.00 statutory rate to determine the adjusted hourly rated permitted under EAJA ((1.056 x 125) + 125 = 257.00). *Id.*

time billed for "excessive or unnecessary work" is within the discretion of the district court. *Norman*, 836 F.2d at 1301.

Here, a review of the billing ledger attached to the motion, Doc. 23-2 at 1-2, shows that counsel exercised billing judgment and that no fee that is excessive, redundant, or otherwise unnecessary to litigating this case. Accordingly, the hours expended by counsel appear reasonable.

## III.    CONCLUSION

Accordingly, I recommend granting Esquilin's unopposed motion, Doc. 23, for an attorney's fee under the EAJA. Esquilin should receive an attorney's fee of $11,000.00. Unless the Department of Treasury determines that Esquilin owes a federal debt, the Commissioner must pay the fee to Esquilin's counsel in accord with the assignment of fees. Doc. 23-1; *see Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

**REPORTED** in Tampa, Florida, on this 16th day of January, 2026.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).  If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.